FRANCISCO L. BATTISTINI, Complainant,

*v.*

FRANCISCO CROSAS, Defendant.

---

IN EQUITY—OPINION ON DEMURRER TO BILL—USURY—RETROSPECTIVE LEGISLATION.

1. A law is to be construed in its entirety, and the intention of the legislature is to be regarded more than grammatical rules. The usury law of Porto Rico of March 1st, 1902, does not apply to contracts made prior to its passage.

2. Although the Constitution of the United States does not forbid all retrospective legislation, and there is no law in Porto Rico forbidding it, a law impairing vested rights would, from the very nature and spirit of our government, be void.

January 12, 1903.

---

*Mr. C. M. Boerman,* solicitor for complainant.

*Mr. H. S. Belaval,* solicitor for defendant.

HOLT, Judge, delivered the following opinion:

This cause is submitted upon a demurrer to the bill. Its averments of fact are to be taken as true in considering the demurrer. It appears from it that on March 9th, 1901, Epitasia

---

*Constitutional law—vested rights.* As to constitutionality of statute impairing vested rights, see editorial note to Fletcher v. Peck, 3 L. ed. U. S. 162.

Martinez executed a mortgage on certain real estate for $3,000 to the defendant, Francisco Crosas; that the stipulated rate of interest was 18 per cent, payable yearly in advance; that said Martinez sold the property to one Tomas Gonzalez, and he, in February, 1902, sold it to the complainant, Francisco L. Battistini; that about March 9th, 1902, the complainant offered to pay the interest at the rate of 12 per cent, but, the defendant refusing to accept it, the complainant was compelled to and has paid under protest·$540, or at the rate of 18 per cent per annum for the coming year, and the complainant claims that this payment, under the interest law enacted by the legislature of Porto Rico March 1st, 1902, renders the contract of loan void, and entitles him to recover back the money so paid in excess of the legal rate of interest, to wit, 12 per cent, fixed by said law. Its cancelation and such recovery are the relief sought.

The debt was created and the contract of loan made prior to the enactment of the act named. If the contention of counsel for complainant is understood, it is that the legislative act forbids the taking of usury in the future on contracts entered into prior to its passage, and, if done, that it renders the contract void and releases the debtor from all payment. The act provides that if, either directly or indirectly, there be reserved or accepted or secured, or agreed to be reserved, accepted, or secured any greater rate of interest than the legal rate, the contract is utterly void for all purposes, and the collection of the debt or any proceeding to enforce the contract may be enjoined and the contract declared void without the payment of either the principal or the interest.

Section 2 of the act, however, expressly provides: "This act shall not apply to contracts entered into or obligations incurred or judgments rendered prior to the date of the passage hereof."

It is contended, however, that it is provided otherwise by § 9

of the act, and that, it being a subsequent section, it is to govern. It provides: "Nothing herein contained shall be construed to apply to payments of interest made under contracts entered into prior to the passage of this act, in which a different or other rate of interest from that provided for herein is specified, or to the payment of interest on judgments entered on contracts entered into prior to the passage of this act, in which another or different rate of interest is specified."

It is said that the word "made," or the use of the past tense, applies only to payments made prior to the passage of the act; and, as the act is intended to prevent the payment of usury, that the payment thereof after its passage, by inference at least, renders the contract void, and the usury paid recoverable.

It is said that unless this be so there was no need of § 9, as § 2 fully provided as to contracts made prior to the passage of the act. If the contention of counsel for complainant is correct, then of course the law is retrospective. It is a well-settled rule of construction that, in the absence of clear provision otherwise, laws relate to the future. Persons act and contract with a view to the existing law, and therefore it is generally unwise to enact retrospective legislation. Legislation is not to be so construed unless it is clear the legislature so intended, and unless such construction is absolutely necessary to give meaning to the words used. Legislation purely remedial, that which is designed to correct an evil or suppress a mischief, is the exception to this general rule. The Constitutions of some of the states forbid retrospective legislation. While the Constitution of the United States forbids *ex post facto* laws, or those applying to offenses, it does not forbid merely retrospective legislation unless it impairs the obligation of a contract; and there is no law in Porto Rico forbidding the enactment of such legislation. A law im-

Battistini v. Crosas.

pairing, however, a vested right, would, from the very nature and spirit of our government, be void. It would deprive one of his own,—take it away from him, and in effect give it to another.

It was not within the power of the legislature to take the property of one person and give it to another, nor could it deprive the owner of a debt which was legally created. Nor did it either intend to, or do so, by the act in question, in my opinion. A law is to be construed in its entirety. The intention of the legislature is to be regarded more than grammatical rules. It has been said: "For the letter of the law killeth, but the spirit giveth life." The spirit of a statute is to govern, rather than a strict grammatical construction of the words. When the entire act of the legislature in question is considered, it is evident it was not the intention that its provisions should apply to contracts made prior to its passage. If a person had acquired property, whether in the form of a debt or otherwise, prior to the passage of the act in question, and had in doing so complied in all respects with the then existing law, it would be unjust to deprive him of it by subsequent legislation.

Section 9 of the act may have been intended to emphasize the fact that it was not intended to apply to contracts previously made; or, inasmuch as § 5 of the act had provided for the recovery of usury at any time within one year after its payment, it may have been intended the more clearly to declare that the act was not to apply to payments of interest made upon contracts entered into prior to the passage of the act.

As the mortgage debt is still valid, the complainant is entitled to set up against it whatever he may have paid on it. If he paid more, by way of interest, than the party could lawfully demand, he has the right to apply any such excess upon the principal of the debt when the creditor demands its pay-

ment. He is, therefore, in no view of the case entitled to relief.

The demurrer to the bill is sustained and it is dismissed at complainant's cost.